**MOBILE COUNTY JAIL INMATES,**
**et al., Plaintiffs,**

v.

**Thomas J. PURVIS, et al., Defendants.**

**Civ. A. No. 76–416–P.**

United States District Court,
S.D. Alabama, S.D.

Jan. 15, 1985.

J.U. Blacksher, Mobile, Ala., Steven L. Winter, Deborah Fins, Jack Greenberg, Stanley A. Bass, New York City, for plaintiffs.

Roderick P. Stout, James C. Wood, Mobile, Ala., Bob Bright, Jack M. Curtis, Montgomery, Ala., Ronnie L. Williams, John Lawler, Mobile, Ala., for defendants.

## ORDER RESCINDING CONTEMPT FINE

PITTMAN, Senior District Judge.

On October 29, 1982 (tab 195), this court entered an order holding the defendants in contempt of court for not complying with this court's order of April 24, 1981 (tab 137) concerning the jail population. A $5,000-a-day fine was imposed until such time as the defendants were in compliance. 551 F.Supp. 92, affirmed 703 F.2d 580.

Subsequent orders extended the time that the defendants were given to purge themselves of contempt. The last such order was entered July 3, 1984 (tab 259), which gave the defendants until December 31, 1984 to purge themselves of contempt.

On January 4, 1985, the defendant Commissioners of Mobile County filed a motion and report to the court asserting that a new jail facility had been completed which houses 96 prisoners and that the jail facility and the county are now in compliance with this court's order, and requested the court to purge them of contempt and remit the fines levied against them.

On January 7, 1985, the defendant Sheriff of Mobile County adopted the representations made in the Commissioners' motion and requested the court to remit the accumulated contempt fines and further requested that in the alternative the accumulated contempt fines be used solely for the construction of additional jail facilities.

These motions were set and a hearing was held on the 10th day of January, 1985. Uncontested evidence was offered that the new jail facility had been completed and that on December 31, 1984 the defendants were in compliance with this court's order dated April 24, 1981 and have been since that time. It was established that on January 10, 1985 there were 102 non-state prisoners in the old jail facility which has a non-state limit of 125, and 95 in the new jail facility which was constructed to hold 96, totaling 197 inmates in 221 spaces.

The evidence further showed that since July, 1984 the county was in compliance on August 6, 13, 20 and December 24, 1984. The jail population was in excess of the limits set by the court and reached as high as 164 during this period.

## THE SHERIFF'S REQUEST FOR ALTERNATIVE RELIEF

■ The sheriff has requested the court to order additional jail facilities be constructed from the accumulated fines. Such facilities may be needed in the near future, but elected officials should spend the taxpayers money. The court should not be in the business of collecting contempt fines and spending that money.

Contempt proceedings are a tool of last resort. That request is denied.

## DEFENDANTS' REQUEST THAT THE COURT FIND THEM PURGED OF CONTEMPT AND REMIT THE FINES

■ In the early stages of this litigation, approximately 500 inmates were crowded, almost stacked, in the county jail when only 145 should have been housed there. As late as May, 1981 there were approximately 430 inmates crowded in the jail. In 1982 and 1983 the county jail population ranged as high as 227.

The new jail increases total available space in the county jail facilities from 145 to 241, with non-state inmates at 125 in the old jail and 96 in the new jail, totaling 221. There are presently 197 non-state inmates in the county jail.

The county commissioners and other defendants are now in compliance with this court's order dated April 24, 1981.

The people of Mobile County are humane and decent. They should take satisfaction in the fact that their brothers, even the least of them, are now housed in a humane and decent manner.

The fine was not punitive. It was not intended to punish anyone, least of all the taxpayers of Mobile County.

It was levied to coerce, to compel the County Commissioners and other defendants to comply with this court's order to provide constitutionally mandated living space for county jail inmates.

The purpose of this fine has been served.

Beginning in January, 1982, three years ago, there have been six extensions granted to the defendants to meet an order issued in April, 1981.

Although the Commissioners' actions have been halting, hesitant, and marked by vacillation, they have demonstrated sufficient good faith to purge themselves of contempt. The $5,000-a-day fine, and the approximately $4,000,000 accrued fines assessed and not paid into court are hereby set aside and held for naught.

## RE THE DEFENDANTS' MOTION THAT THE REMAINING MONIES IN THE POR FUND BE REMITTED TO THE GENERAL FUND OF MOBILE COUNTY

Most of the time during the period the defendants have been under court order to reduce the jail population, large numbers of county inmates have been housed in the city jails of Prichard and Mobile, reaching a figure as high as 175 at the same time over 200 were in a jail facility limited to 125 prisoners. Evidence at this hearing indicated that during the last six months an average of 70 prisoners have been housed in those jails, although at this time none are there. After a frank discussion with the defendants on the probability of the present jail facilities being overcrowded unless prisoners are kept in those city facilities when the maximum number is reached in the county jail facilities, the court finds the Jail Monitor and the Prisoner Overcrowding Relief (POR) Fund have been effective in assisting the defendants reduce the overcrowding. There was general agreement the program should continue at least a year to see if the defendants can continue to meet the limits as set in this court's order of April 24, 1981. The monies paid in by the county are in interest bearing accounts and the interest has materially reduced the cost of this program. It is the court's hope that the defendants can discharge their duties under the injunctive order of this court and that within a year's time the remaining monies can be refunded to the county treasury.

Plaintiffs' attorneys' fees are to be established at a later time.